# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Leroy Kenneth Smalls, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> Bill Byars, Director; Jon Ozmint, Former Director; ) </br> Robert Ward, Division Director; Anthony Padula, ) </br> Warden; Bernard McKie, Warden; Lloyd Greer, ) </br> Investigator; Vaughn Jackson, Mayor; Mark ) </br> Creech, Sled Agent; Christine Ganey, Sled Agent; ) </br> in their individual and official capacities ) </br> ) </br> Defendants. ) </br> _____ ) | Civil Action No. 9:11-cv-00732-JMC </br></br> **ORDER AND OPINION** |

This matter is now before the court upon Defendants Bill Byars, Mark Creech, Christine Ganey, Lloyd Greer, Vaughn Jackson, Bernard McKie, Jon Ozmint, Anthony Padula, and Robert Ward's ("Defendants") Motion for Summary Judgment. [Doc. 53]. *Pro se* Plaintiff Leroy Kenneth Smalls ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging several violations of his constitutional rights. [Doc. 1]. The Magistrate Judge's Report and Recommendation ("Report") [Doc. 61], filed on February 29, 2012, recommends that Defendants' motion be granted. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing

1

*Matthews v. Weber*, 423 U.S. 261, 271 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

After receiving the Magistrate Judge's Report, Plaintiff timely filed objections.  [Doc. 63].  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984).  In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

This court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims.  Plaintiff objects that the Magistrate Judge erred in finding that he was not harmed by his placement in maximum security lock-up.  He further objects to the Magistrate Judge's finding that Plaintiff presented no evidence to support his claim that Defendants' motives were unlawful, arbitrary and capricious.  He also argues that the Magistrate Judge erroneously found that Plaintiff was required to show actual harm to demonstrate that the use of physical restraints deprived him of outdoor exercise. Upon review of the record, the court finds that the Magistrate Judge competently addressed each of these issues in his Report and the court does not find it necessary to repeat the analysis here.

However, Plaintiff makes one objection which warrants additional discussion.  Plaintiff contends that the Magistrate Judge erred in dismissing his due process claims because Defendants did not specifically raise his due process claims as a basis for summary judgment.

Although Defendants did not specifically mention the words "due process," they did address Plaintiff's claims concerning his placement in the Special Management Unit ("SMU") pending investigation of the stabbing death of another inmate. Defendants also noted that Plaintiff was housed in the MSU in accordance with South Carolina Detention Center policy and procedures and that Plaintiff's confinement represented usual and accepted regulations imposed upon inmates investigated for similar offenses. Therefore, Defendants sufficiently addressed the substance of Plaintiff's due process claims in their motion for summary judgment. Additionally, even if Defendants had not raised Plaintiff's due process claims in their motion, the Magistrate Judge appropriately recommended dismissal of the claims because they had no merit. *See* 28 U.S.C. § 1915A(b)(1) (authorizing *sua sponte* dismissal for failure to state a claim upon which relief may be granted).

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 8], **GRANTS** Defendants' Motion for Summary Judgment [Doc. 53] and **DISMISSES** Plaintiff's action without an evidentiary hearing.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

August 6, 2012
Greenville, South Carolina

3